**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:12-CR-0021- |
| § | ALM-AGD |
| ARNOLDO MANDUJANO § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Arnoldo Mandujano's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on April 3, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Michael John Pannitto of the Federal Public Defender's Office. The Government was represented by Will Tatum.

Defendant was sentenced on May 3, 2013, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute, a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of IV, was 121 to 151 months. Pursuant to a binding plea agreement, Defendant was sentenced below the advisory guideline range and was subsequently sentenced to 120 months imprisonment, followed by a five-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, Defendant shall obtain a GED, and a $100 special assessment. On October 11, 2019, Defendant completed his period of imprisonment and began service of the supervision term. Jurisdiction of this case was transferred on June 1, 2020, and the case was reassigned to The Honorable Brantley Starr, U.S. District Judge for the Northern District of Texas. Jurisdiction of this case was returned

on August 4, 2023, and the case was reassigned to The Honorable Amos L. Mazzant, III, U.S. District Judge for the Eastern District of Texas.

On September 13, 2023, the United States Probation Officer executed a Second Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. #116, Sealed). The Petition asserts that Defendant violated eleven conditions of supervision, as follows: (1) and (4) (mandatory) Defendant shall not commit another federal, state, or local crime; (2) and (6) (mandatory) Defendant shall not unlawfully possess a controlled substance; (3), (7), and (9) (standard) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (5) (mandatory) Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon; (8) (mandatory) Defendant shall refrain from any unlawful use of a controlled substance; (10) (standard) Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; and (11) (special) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer (Dkt. #116 at pp. 1–4, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On April 24, 2020, Defendant violated his condition of supervised release by committing the offense of Possession of Drug Paraphernalia – Glass Pipe, as evidenced by his arrest by the Richardson, Texas Police Department. The offense is classified as a Class C misdemeanor, punishable by a fine not to exceed $500. On April 25, 2020, Defendant was sentenced to Time Served and a $200 fine. According to

the offense report, officers were dispatched to a possibly intoxicated driver. Upon making contact with Defendant, he was asked to exit the vehicle and a pat down was performed. Officers felt what they believed was a pipe and when asked to remove the item from his pocket, he agreed and a glass pipe with white residue was revealed. Also, the officer found a small bag with a small amount of methamphetamine. The methamphetamine weighed .10 grams; (2) Defendant was in possession of a controlled substance and drug paraphernalia, as evidenced by the arrest for the offense of Possession of Drug Paraphernalia - Glass Pipe on April 25, 2020; (3) Defendant was charged in a sealed Indictment filed in the Eastern District of Texas, under Docket No. 4:20-CR-00365, for the following offenses: Count 1: Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine, 21 U.S.C. § 846, and Counts 3 & 4: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c). According to Count 1 of the Indictment, from on or about January 2020 up to and including December 9, 2020, Defendant knowingly conspired with at least eight other co-defendants to intentionally possess with the intent to manufacture 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. According to Count 3 of the Indictment, on November 12, 2020, in the Northern District of Texas, Defendant knowingly possessed a firearm, namely, a HiPoint Model C9 9mm handgun, Serial Number P1915667, in furtherance of a drug trafficking crime. According to Count 4 of the Indictment, on November 19, 2020, in the Northern District of Texas, Defendant knowingly possessed a firearm, namely, a FNH USA LLC, Model FNS-40 .40 caliber pistol Serial Number GKU012623 and a Taurus Model PT709, 9mm pistol, Serial Number TFR02390, in furtherance of a drug trafficking crime; (4) Defendant possessed a firearm on or about November 12, 2020, and November 19, 2020, as evidenced by Counts 3 and 4 of the Indictment under Docket No. 4:20-CR-00365; (5) Defendant possessed methamphetamine, as evidenced by Count 1 of the Indictment

under Docket No. 4:20-CR-00365; (6) On November 18, 2020, Defendant distributed methamphetamine when he sold methamphetamine to Special Agent Michael Wido outside of building 3, of the Hawthorn Suites as evidenced by the offense details regarding the charge in Docket No. 4:20-CR-00365; (7) On or about April 24, 2020, Defendant used methamphetamine. On August 29, 2020, Defendant admitted, verbally and in writing, to Senior U.S. Probation Officer Oscar Salinas II to using methamphetamine on or about April 24, 2020; (8) On or about May 17, 2020, through May 20, 2020, Defendant used methamphetamine. On August 29, 2020, Defendant admitted, verbally and in writing, to Sr. USPO Oscar Salinas II to using methamphetamine on or about May 17, 2020, through May 20, 2020. On August 12, 2020, Defendant submitted a urine specimen to Phoenix Associates Counseling Services (PACS), Dallas, Texas, that tested positive for methamphetamine. On August 29, 2020, Defendant admitted, verbally and in writing, to Sr. USPO Salinas to using methamphetamine on or about August 10, 2020; (9) On or about November 18, 2020, Defendant engaged in criminal activity with Brenda Hernandez and Tania Cedillo, codefendants under Docket. No. 4:20-CR-00365-ALM; and (10) Defendant failed to submit random urine specimens, as directed, to PACS on August 11, September 9, and September 21, 2020. Additionally, Defendant failed to attend substance abuse treatment at PACS on July 1, July 15; September 14, 15, 16, 30; and October 6, 19, 20, and 21, 2020. On October 26, 2020, Defendant was unsuccessfully discharged from the Intensive Outpatient Program (Dkt. #116 at pp. 1–4, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to paragraph two of allegation (4) of the Petition. Having considered the Petition and the plea of true to paragraph two of allegation (4), the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of twenty-four (24) months to be served consecutively to his sentence in 4:20-CR-365 that was entered on March 20, 2024, with no term of supervised release to follow.

The court recommends that all remaining allegations be dismissed.

The court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**IT IS SO ORDERED.**

**SIGNED this 31st day of May, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE